**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| YVONNE WHITMORE<br>6500 N. Bouvier St.<br>Philadelphia, PA 19126<br><br>Plaintiff,<br>v.<br><br>JUVENILE JUSTICE CENTER OF PHILADELPHIA<br>100 W. Coulter St.<br>Philadelphia, PA 19144<br><br>Defendant. | : | CIVIL ACTION<br><br><br><br>CASE NO.: |

## CIVIL ACTION COMPLAINT

Yvonne Whitmore (hereinafter referred to as "Plaintiff"), by and through her undersigned counsel, hereby avers as follows:

## INTRODUCTION

1. This action has been initiated by Plaintiff against Juvenile Justice Center of Philadelphia (hereinafter referred to as "Defendant") for violations of the Americans with Disabilities Act, as amended ("ADA" - 42 USC §§ 12101, *et. seq*.), Family and Medical Leave Act ("FMLA" – 29 §2601 *et seq.*), the Pennsylvania Human Relations Act ("PHRA"), and the Philadelphia Fair Ordinance ("PFPO"). Plaintiff asserts, *inter alia*, that she experienced unlawful workplace discrimination and retaliation, culminating in her termination from Defendant. As a direct consequence of Defendant's unlawful actions, Plaintiff seeks damages as set forth herein.

## JURISDICTION AND VENUE

2. This Court has original subject matter jurisdiction over the instant action pursuant to 28 U.S.C. §§1331 and 1343(a)(4) because it arises under laws of the United States and seeks

redress for civil rights violations under the ADA and FMLA. There lies supplemental and/or ancillary jurisdiction over Plaintiff's state-law claims, as they arise out of the same common nucleus of operative fact(s) as Plaintiff's federal claims asserted herein.

3. This Court may properly maintain personal jurisdiction over Defendant because Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction in order to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in *International Shoe Co. v. Washington,* 326 U.S. 310 (1945) and its progeny.

4. Pursuant to 28 U.S.C. §1391(b)(1) and (b)(2), venue is properly laid in this district because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

5. Plaintiff filed a Charge of discrimination and retaliation with the Equal Employment Opportunity Commission ("EEOC"). Plaintiff has properly exhausted her administrative proceedings before initiating this action by filing her Charge with the EEOC, and by filing the instant lawsuit under the ADA within 90 days of receiving a right-to-sue letter from the EEOC.

6. Plaintiff has properly exhausted her administrative remedies regarding her PHRA claims by dual filing her Charge of Discrimination with the Pennsylvania Human Relations Commission ("PHRC") and by waiting at least one year since the filing before asserting her PHRA claims.

**PARTIES**

7. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

8. Plaintiff is an adult individual, with an address as set forth in the caption.

9. Defendant is a non-profit organization providing safety and welfare to vulnerable children, youth, and families, incorporated in Pennsylvania with their headquarters set forth in the caption.

10. At all times relevant herein, Defendant acted by and through its agents, servants and/or employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendant.

## FACTUAL BACKGROUND

11. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

12. Plaintiff was hired by Defendant on or about July 5, 2023, as a Youth Mentor.

13. At all times relevant herein, Plaintiff was supervised by Program Leader/Director, Kahri McKee (hereinafter "McKee") and Lead Staff, Stephanie Bishop (hereinafter "Bishop").

14. Plaintiff worked for Defendant for approximately a year and 4 (four) months, before being wrongfully terminated on or about November 7, 2024, for reasons discussed *infra*.

15. Throughout Plaintiff's employment with Defendant, she was a hard-working employee and had performed her job responsibilities in a dutiful and highly competent manner.

16. Plaintiff has and continues to suffer from ADA-qualifying disabilities, including but not limited to gastric/stomach problems (including but not limited to gastritis and colitis) and hypertension, among other complications/conditions.

17. For example, as a result of her aforesaid health conditions, Plaintiff experienced chronic and severe pain, sleeplessness, and difficulty eating which (at times) limited her ability

to perform some daily life activities, including but not limited to gastrointestinal functioning, eating, concentration, and sleeping.

18. Despite Plaintiff's aforementioned health conditions, she was able to perform the essential functions of her position; however, she (at times) required some reasonable medical accommodations, including but not limited to time off work to care for and treat flare-ups of her aforesaid health conditions (discussed further *infra*).

19. On or about July 21, 2024, Plaintiff suffered a flare-up of her aforementioned disabilities while at work.

20. As a result of Plaintiff's flare, Bishop took Plaintiff to the hospital where she was treated for colitis / stomach issues.

21. Thereafter, at the recommendation of Plaintiff's physicians, she took one day to treat for the same.

22. On or about September 28, 2024, Plaintiff suffered complications related to her aforementioned disabilities, resulting in her need to be hospitalized for several days.

23. Defendant's management, including Bishop and Human Resources ("HR") Generalist, Stephanie Lyzen (hereinafter "Lyzen"), was aware of Plaintiff's hospitalization and that Plaintiff was hospitalized for approximately thirteen (13) days, until in or about mid-October 2024.

24. At all times during Plaintiff's hospitalization, she kept Defendant's management, including McKee, Bishop, Lyzen and Executive Director, Jeannine Glasglow (hereinafter "Glasglow"), apprised of her medical status and intent to return to work.

25. Upon being released from the hospital, although Plaintiff was improving, she continued to need a few additional days off from work to care for and treat her health conditions

and associated complications, and to be cleared by her physician (a reasonable accommodation under the ADA).

26. On or about October 28, 2024, Defendant informed Plaintiff that they required documentation pertaining to her disabilities by on or about October 30, 2024.

27. Plaintiff did not see Defendant's October 28, 2024 email until October 30, 2024.

28. Plaintiff therefore responded on October 30, 2024, indicating that she just saw Defendant's email, asked that all emails be sent to her personal email (as she is out on medical leave and thus not regularly checking her work email), and apprised Glasglow and Lyzen that her next appointment with her doctor was scheduled for on or about November 5, 2024 (only a few days later and the only available appointment).[1]

29. Because Plaintiff could not get the required medical documentation to Defendant by October 30, 2024, she inquired about what other options she had.

30. Lyzen then telephoned Plaintiff and stated vaguely that she was not sure if there was anything that she could do and to just submit the paperwork when Plaintiff retrieved it from her physician.

31. Plaintiff also informed Lyzen that even if she saw her physician during the next available appointment in November, she likely would not be able to submit medical documentation on the same day, as her physician would require some additional time to complete/process the documentation and submit it back to her.

32. At no point during Plaintiff's telephone call with Lyzen did Lyzen indicate that Defendant had granted an extension to submit medical documentation, that she had a revised

[1] Plaintiff's doctor's appointment was actually November 6, 2024, not November 5, 2024.

date to submit medical documentation, or that she would be terminated if medical documentation was not submitted by a specific date.

33. Despite notifying Defendant's management that her next scheduled doctor's appointment wasn't until November and that she likely would not be able to provide the requested medical documentation the same day, Defendant terminated Plaintiff's employment on November 7, 2024 "for failure to provide documentation regarding [her] leave of absence."

34. Plaintiff did provide her medical documentation as soon as she was able to obtain it from her physician.

35. Had Defendant's management informed Plaintiff that she was in danger of termination or that she was denied the extension to provide her medical documentation after her November 6, 2024 appointment, Plaintiff would have done whatever was necessary to prevent losing her job – even though she had the next available appointment with her doctor.

36. Defendant's reason for termination was completely pretextual, as Plaintiff was terminated by Defendant: (1) without confirming with Plaintiff that she had until November 5, 2024 to provide medical documentation regarding her disability and leave status or otherwise she would be terminated; (2) without giving Plaintiff a proper extension to submit medical documentation; (3) while she was still on a medical leave of absence; (4) during a time that she was confiding in Defendant's management about her disabilities and need for medical leave as a reasonable accommodation; and (5) without properly engaging in the interactive process.

37. Based on the foregoing, Plaintiff believes that she was terminated from her employment with Defendant in violation of state and federal law.

**COUNT I**
**Violations of the Americans with Disabilities Act, as Amended ("ADA")**
**([1] Actual/Perceived/Record of Disability Discrimination;**
**[2] Retaliation; & [3] Failure to Accommodate)**

38. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

39. Plaintiff suffers from qualifying health conditions under the ADA which affected her ability (at times) to perform some daily life activities including but not limited to gastrointestinal functioning, eating, concentration, and sleeping.

40. Despite Plaintiff's aforementioned health conditions and limitations, she was still able to perform the duties of her job well with Defendant.

41. Plaintiff requested reasonable accommodations under the ADA, including but not limited to leave from work to treat her aforementioned health conditions which Defendant fired her for.

42. Plaintiff believes and therefore avers that her actual, perceived, and/or record of disability was a motivating or determinative factor in Defendant's decision to terminate her employment.

43. Plaintiff also believes that Defendant terminated her employment in retaliation for engaging in protected activity under the ADA (such as requesting reasonable accommodations).

44. Lastly, Plaintiff believes and avers that she was terminated as a direct result of Defendant's refusal to engage in the interactive process and accommodate her disabilities.

45. These actions as aforesaid constitute violations of the ADA.

**COUNT II**
**Violations of the Pennsylvania Human Relations Act ("PHRA")**
**([1] Actual/Perceived/Record of Disability Discrimination;**
**[2] Retaliation; & [3] Failure to Accommodate)**

46. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

47. Plaintiff properly exhausted her administrative remedies regarding her PHRA claims because she timely filed a charge of discrimination with the PHRC (by dual filing her claims with the EEOC) and the charge has been pending for at least one year.

48. The aforesaid allegations also constitute violations of the PHRA. Thus, Plaintiff's PHRA claims mirror the claims set forth in Count I.

**COUNT III**
**Violations of the Philadelphia Fair Practices Ordinance ("PFPO")**
**([1] Actual/Perceived/Record of Disability Discrimination;**
**[2] Retaliation; & [3] Failure to Accommodate)**

49. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

50. Plaintiff properly exhausted her administrative remedies regarding her PFPO claims because she timely filed a charge of discrimination with the EEOC (by dual filing her claims with the PHRC) and participating in the agency's investigative process and obtaining her right-to-sue.

51. The aforesaid allegations also constitute violations of the PFPO. Thus, Plaintiff's PFPO claims mirror the claims set forth in Count I.

**COUNT IV**
**Violations of the Family and Medical Leave Act ("FMLA")**
**([1] Retaliation & [2] Interference)**

52. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

53. Plaintiff was an eligible employee under the definitional terms of the FMLA, 29 U.S.C. § 2611(a)(i)(ii).

54. Plaintiff requested leave for medical reasons from Defendant, her employer, with whom she had been employed for at least twelve months pursuant to the requirements of 29 U.S.C.A § 2611(2)(i).

55. Plaintiff had at least 1,250 hours of service with Defendant during her last full year of employment.

56. Defendant is engaged in an industry affecting commerce and employs fifty (50) or more employees for each working day during each of the twenty (20) or more calendar work weeks in the current or proceeding calendar year, pursuant to 29 U.S.C.A § 2611(4)(A)(i).

57. Plaintiff was entitled to receive leave pursuant to 29 U.S.C.A § 2612 (a)(1) for a total of twelve (12) work weeks of leave on a block or intermittent basis starting on or about July 18, 2024.

58. Plaintiff applied for FMLA-qualifying leave; however, prior to her ability to submit paperwork for approval, Defendant terminated her employment on or about November 7, 2024.

59. Defendant committed interference and retaliation violations of the FMLA by (1) terminating Plaintiff for requesting and/or exercising her FMLA rights and/or for taking FMLA-qualifying leave; (2) considering Plaintiff's FMLA leave needs in making the decision to

terminate her; (3) terminating Plaintiff to intimidate her and/or prevent her from taking FMLA-qualifying leave in the future; and (4) refusing to provide her with sufficient additional time to obtain a completed FMLA paperwork from her physician after notifying Defendant's management that the initial 15 days would be impracticable.

60. These actions as aforesaid constitute violations of the FMLA.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A. Defendant is to be prohibited from continuing to maintain its illegal policy, practice or custom of discriminating/retaliating against employees and is to be ordered to promulgate an effective policy against such unlawful acts and to adhere thereto;

B. Defendant is to compensate Plaintiff, reimburse Plaintiff and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to past lost earnings, future lost earnings, salary, pay increases, bonuses, medical and other benefits, training, promotions, pension, and seniority. Plaintiff should be accorded those benefits illegally withheld from the date she first suffered retaliation/discrimination at the hands of Defendant until the date of verdict;

C. Plaintiff is to be awarded punitive and/or liquidated damages, as permitted by applicable law(s) alleged asserted herein, in an amount believed by the Court or trier of fact to be appropriate to punish Defendant for its willful, deliberate, malicious and outrageous conduct and to deter Defendant or other employers from engaging in such misconduct in the future;

D. Plaintiff is to be accorded any and all other equitable and legal relief as the Court deems just, proper and appropriate including for emotional distress;

E. Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable federal and state law;

F. Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth in applicable federal law; and

G. Plaintiff's claims are to receive a trial by jury to the extent allowed by applicable law. Plaintiff has also endorsed this demand on the caption of this Complaint in accordance with Federal Rule of Civil Procedure 38(b).

Respectfully submitted,

**KARPF, KARPF & CERUTTI, P.C.**

By: ______________________

Ari R. Karpf, Esq. (91538)
8 Interplex Drive, Suite 210
Feasterville-Trevose, PA 19053
akarpf@karpf-law.com
(215) 639-0801

Dated: October 27, 2026

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

# CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Yvonne Whitmore | : | CIVIL ACTION |
| v. | : | |
| Juvenile Justice Center of Philadelphia | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255. ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits. ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2. ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos. ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.) ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks. (x )

| | | |
|---|---|---|
| 10/27/2026 | [signature] | Plaintiff |
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-639-0801 | 215-639-4970 | akarpf@karpf-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**

Place of Accident, Incident, or Transaction: Defendants place of business

***RELATED CASE IF ANY:*** Case Number:________________ Judge:________________

1. Does this case involve property included in an earlier numbered suit? Yes ☐
2. Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit? Yes ☐
3. Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit? Yes ☐
4. Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same individual? Yes ☐
5. Is this case related to an earlier numbered suit even though none of the above categories apply? If yes, attach an explanation. Yes ☐

I certify that, to the best of my knowledge and belief, the within case ☐ **is** / ☒ **is not** related to any pending or previously terminated action in this court.

**Civil Litigation Categories**

*A.* ***Federal Question Cases:***

- ☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts)
- ☐ 2. FELA
- ☐ 3. Jones Act-Personal Injury
- ☐ 4. Antitrust
- ☐ 5. Wage and Hour Class Action/Collective Action
- ☐ 6. Patent
- ☐ 7. Copyright/Trademark
- ☐ 8. Employment
- ☐ 9. Labor-Management Relations
- ☒ 10. Civil Rights
- ☐ 11. Habeas Corpus
- ☐ 12. Securities Cases
- ☐ 13. Social Security Review Cases
- ☐ 14. Qui Tam Cases
- ☐ 15. Cases Seeking Systemic Relief ***see certification below***
- ☐ 16. All Other Federal Question Cases. *(Please specify)*:________________

**B.** ***Diversity Jurisdiction Cases:***

- ☐ 1. Insurance Contract and Other Contracts
- ☐ 2. Airplane Personal Injury
- ☐ 3. Assault, Defamation
- ☐ 4. Marine Personal Injury
- ☐ 5. Motor Vehicle Personal Injury
- ☐ 6. Other Personal Injury (*Please specify*):________________
- ☐ 7. Products Liability
- ☐ 8. All Other Diversity Cases: *(Please specify)*________________

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ **does** / ☒ **does not** have implications beyond the parties before the court and ☐ **does** / ☒ **does not** seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

**ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)**

I certify that, to the best of my knowledge and belief:

[ X ] Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

[ ] None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.

JS 44 (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

WHITMORE, YVONNE

**(b)** County of Residence of First Listed Plaintiff: Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Ari R. Karpf, Esq.; Karpf, Karpf & Cerutti, P.C., 8 Interplex Drive, Suite 210, Feasterville-Trevose, PA 19053; 215-639-0801; akarpf@karpf-law.com

## DEFENDANTS

JUVENILE JUSTICE CENTER OF PHILADELPHIA

County of Residence of First Listed Defendant: Philadelphia
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [X] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

**REAL PROPERTY**
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury
- [ ] 362 Personal Injury - Medical Malpractice

PERSONAL INJURY
- [ ] 365 Personal Injury - Product Liability
- [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

**CIVIL RIGHTS**
- [ ] 440 Other Civil Rights
- [ ] 441 Voting
- [ ] 442 Employment
- [ ] 443 Housing/ Accommodations
- [X] 445 Amer. w/Disabilities - mployment
- [ ] 446 Amer. w/Disabilities - Other
- [ ] 448 Education

**PRISONER PETITIONS**

Habeas Corpus:
- [ ] 463 Alien Detainee
- [ ] 510 Motions to Vacate Sentence
- [ ] 530 General
- [ ] 535 Death Penalty

Other:
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition
- [ ] 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 690 Other

**LABOR**
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Management Relations
- [ ] 740 Railway Labor Act
- [ ] 751 Family and Medical Leave Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Employee Retirement Income Security Act

**IMMIGRATION**
- [ ] 462 Naturalization Application
- [ ] 465 Other Immigration Actions

**BANKRUPTCY**
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

**INTELLECTUAL PROPERTY RIGHTS**
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 835 Patent - Abbreviated New Drug Application
- [ ] 840 Trademark
- [ ] 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- [ ] 375 False Claims Act
- [ ] 376 Qui Tam (31 USC 3729(a))
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 480 Consumer Credit (15 USC 1681 or 1692)
- [ ] 485 Telephone Consumer Protection Act
- [ ] 490 Cable/Sat TV
- [ ] 850 Securities/Commodities/ Exchange
- [ ] 890 Other Statutory Actions
- [ ] 891 Agricultural Acts
- [ ] 893 Environmental Matters
- [ ] 895 Freedom of Information Act
- [ ] 896 Arbitration
- [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- [ ] 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing **(*Do not cite jurisdictional statutes unless diversity*)**:
ADA (42USC12101); FMLA (29USC2601)

Brief description of cause:
Violations of the ADA, FMLA, PFPO and the PHRA.

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [X] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):* JUDGE ______ DOCKET NUMBER ______

DATE 10/27/2026

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # ______ AMOUNT ______ APPLYING IFP ______ JUDGE ______ MAG. JUDGE ______